```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FREDERICK J. NUZZO,            )
        Plaintiff,             )
                               )   Civ. Action No. 18-10795-PBS
        v.                     )
                               )
MICHAEL N. LUSSIER, et al.,    )
        Defendants.            )
```

MEMORANDUM AND ORDER

May 1, 2018

SARIS, C.D.J.

For the reasons set forth below, the Court directs Frederick J. Nuzzo to (1) either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis; and (2) file a complaint that complies with the directives of this Memorandum and Order.

BACKGROUND

On April 24, 2018, Frederick J. Nuzzo initiated this action against the Chief Executive Officer and the General Counsel of Webster First Federal Credit Union ("WFFCU") by filing an Order to Show Cause for Non-Judicial Foreclosure accompanied by several documents including exhibits, an affidavit and a copy of a fee payment authorization form.  See Docket No. 1. The clerk entered the documents onto the docket as Nuzzo's complaint.  See Id.

As best can be gleaned from Nuzzo's pro se pleading, his home was used to secure a home equity line of credit ("HELOC") mortgage. See Docket No. 1. He now seeks to enjoin the defendants from initiating, without judicial oversight, a foreclosure sale for non-payment. Id. Nuzzo challenges the outstanding balance on the loan and seeks to have this court order an audit. Id. at p. 2. He states that the WFFCU "should be brought before the Grand Jury for consideration of indictment for conspiracy, subversion, RICO, war against the Constitution and other charges." Id.

## DISCUSSION

### I. Filing Fee

Nuzzo has not paid the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions), or filed a motion for leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Instead, he submitted a copy of a form used by the Social Security Administration to collect a fee for payee services. See Docket No. 1-4. This form is insufficient for seeking in forma pauperis status.

In order to seek leave to proceed in forma pauperis, a plaintiff must submit an affidavit that includes a statement of all plaintiff's assets. See 28 U.S.C. § 1915(a)(1). For the

convenience of litigants, this Court provides a form application to seek leave to proceed in forma pauperis. The Clerk shall provide plaintiff with an Application to Proceed in District Court without Prepaying Fees or Costs. Nuzzo will be granted additional time to either (1) pay the $400.00 filing and administrative fees; or (2) move for leave to proceed without prepayment of the filing fee. Failure of Nuzzo to timely comply with this directive may result in the dismissal of this action.

II. Frederick J. Nuzzo has not Filed a Complaint

Because Nuzzo is proceeding pro se, he is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even with a liberal reading, Nuzzo's pro se pleading is not a complaint and it fails to assert a clearly identifiable claim against the defendants. See Docket No. 1. In fact, the only reference to defendants Michael N. Lussier and Kevin M. David is found in the case caption. Id. Otherwise, the pleading simply refers to "the defendants."

A generous reading of Nuzzo's pleading is that he seeks a judicial determination of his rights against WFFCU and a declaration that any foreclosure would be unwarranted. Because he failed to file a complaint invoking the Court's jurisdiction,

the Court has no subject matter jurisdiction to entertain his request for relief.

To the extent that Nuzzo wishes to bring a civil action in this Court, the Court will permit Nuzzo twenty-one days to file a complaint that sets forth a federal cause of action and the basis for the Court's jurisdiction. Such complaint must conform to the pleading requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. Nuzzo is advised that a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity" jurisdiction, respectively.

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R.

Civ. P. 20(a)(2)(A).

Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by ..... a party personally if the party is unrepresented." See Fed. R. Civ. P. Rule 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Finally, the Court's Local Rules mandate that typed complaints be double-spaced (except for the identification of counsel, title of the case, footnotes, quotations and exhibits). See District of Massachusetts Local Rule 5.1(a)(2).

## ORDER

Based on the foregoing, it is hereby Ordered that:

1. If Frederick J. Nuzzo wishes to pursue a civil action, he shall, within twenty-one (21) days of the date of this Order, (1) file a complaint; and (2) either pay the $400 filing fee or file Application to Proceed in District Court without Prepaying Fees or Costs.

2. The Clerk's Office shall send Frederick J. Nuzzo a complaint form and a blank Application to Proceed in District Court without Prepaying Fees or Costs.

3. If Frederick J. Nuzzo fails to comply with the directives of this Memorandum and Order, this action will be dismissed without prejudice

SO ORDERED.  /s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE